IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAVID REYNA MARTINEZ, #1294730, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § CIVIL ACTION NO. 6:17-CV-00406-RC |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Respondent. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above entitled civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On February 20, 2019, the Magistrate Judge issued a Report and Recommendation (Doc. No. 19), recommending that the above-styled application for the writ of habeas corpus of Petitioner David Reyna Martinez ("Petitioner") be dismissed with prejudice and Petitioner be denied a certificate of appeal *sua sponte*. Petitioner, proceeding *pro se* and *in forma pauperis*, filed Objections (Doc. No. 25) to the Report and Recommendation. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1). Having reviewed the Magistrate Judge's findings and Plaintiff's objections, the Court **OVERRULES** Plaintiff's Objections (Doc. No. 25) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. No. 19) as the findings of the Court.

**STANDARD OF REVIEW**

The Court reviews the objected to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court

1

shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**DISCUSSION**

In his petition for a writ of habeas corpus, Petitioner seeks to challenge his punishment imposed pursuant to a disciplinary proceeding. At the disciplinary hearing, a disciplinary hearing officer found Petitioner guilty of the offense of defeating mechanical restraints or defeating a secure cell. In his Report and Recommendation, the Magistrate Judge found that although a loss of good time credits coexisting with Petitioner's eligibility for release on mandatory supervision triggers dues process considerations, the record demonstrates that the disciplinary proceeding satisfied all necessary requirements of procedural due process. Accordingly, the Magistrate Judge recommended that the petition for a writ of habeas corpus be dismissed. (Doc. No. 19.)

Petitioner argues that surveillance video footage will show that at the time of the incident, the cell door was left open by officers and the accusing officer was violating internal TDCJ policies because he left his duty post. Petitioner further argues that subsequent to the incident leading to the disciplinary proceeding, TDCJ fixed or replaced doors on all cells in the Michael Unit because they would not lock or close properly. While this evidence may be relevant is assessing the factual circumstances of the original incident, this evidence does not show how Petitioner was allegedly not provided with procedural due process. Thus, these bases do not provide a reason entitling Petitioner to federal habeas relief.

Next, Petitioner argues his due process rights were violated because the "Attorney General of Texas will use a disciplinary report, hearing tape, videotaping officers, staff and other inmate's statement to get a indictment of a inmate." The Court is unclear of Petitioner's specific basis for his argument on this ground. Nothing in the record addresses any related indictment and Petitioner fails to clearly explain the connection of any alleged indictment to the instant case.

Next, Petitioner argues that because TDCJ uses "good time credits" as compensation for labor, Petitioner is entitled to due process protections when deprived of good time credits. In his Report, the Magistrate Judge correctly recognized that the loss of good time credits may trigger a requirement for due process protections. The Magistrate Judge, however, ultimately concluded that Petitioner's disciplinary proceeding satisfied all necessary requirements of procedural due process. Petitioner's objection of this basis fails to explain how Respondent failed to comply with the necessary procedural due process requirements.

Finally, Petitioner objects to the April 5, 2019 deadline to submit objections ordered by the Magistrate Judge. Petitioner argues his unit was on lockdown and he did not have adequate time to prepare a response. On February 20, 2019, the Magistrate Judge issued his Report and Recommendation. (Doc. No. 19.) Petitioner acknowledged receipt on March 5, 2019. (Doc. No. 23.) Petitioner requested a 60-day extension of time to file objections. (Doc. No. 21.) The Court granted this request in part and ordered Petitioner to file his objections by April 5, 2019. (Doc. No. 22.) The Court finds Petitioner was provided with sufficient time to prepare and submit objections for the Court's consideration.

Accordingly, the Court finds that the Magistrate Judge appropriately recommended that the above-styled application for the writ of habeas corpus be dismissed.

**CONCLUSION**

Having made a *de novo* review of the objected-to portions of the Report and Recommendation (Doc. No. 19), the Court finds that Plaintiff's Objections (Doc. No. 25) should be **OVERRULED** and the Magistrate Judge's Report (Doc. No. 19) should be **ADOPTED**. Petitioner's application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. The Court **FURTHER ORDERS** that Petitioner Martinez be **DENIED** a certificate of appeal *sua sponte*.

So **ORDERED** and **SIGNED May 10, 2019.**

_____
Ron Clark, Senior District Judge